**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Ricardo Nathanilian JOHNSON–**
**CUERVO, Defendant–**
**Appellant.**

**No. 04–15162**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 29, 2005.

---

Todd W. Mestepey, Anne R. Schultz, Kathleen M. Salyer, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Henry P. Bell, Henry P. Bell, P.A., Miami, FL, for Defendant–Appellant.

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM.

Ricardo Nathanilian Johnson–Cuervo appeals his concurrent sentences for importation of morphine, 21 U.S.C. §§ 952(a) and 960(b)(3), and possession with intent to distribute morphine, 21 U.S.C. § 841(a)(1) and (b)(1)(C), contending the use of an unproven and unadmitted drug quantity to impose sentences under a mandatory Guidelines scheme violated his Sixth Amendment rights, as set forth in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because Johnson–Cuervo preserved a *Blakely/Booker* objection in the district court, we review the challenge to his sentence de novo. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir.2005). *Booker* error must be disregarded if it was harmless. *Id.* To find harmless error, we must determine the error did not affect the defendant's substantial rights. A constitutional error, such as *Booker* error, does not affect substantial rights, if it is harmless beyond a reasonable doubt. *Id.* This standard is met only where it is clear beyond a reasonable doubt the error did not contribute to the sentence obtained. The government has the burden of showing the error did not affect the defendant's substantial rights. *Id.*

The Government has not attempted to carry its burden of showing the error was harmless. Instead, the Government concedes error and joins Johnson–Cuervo in requesting a remand for resentencing. Accordingly, we vacate Johnson–Cuervo's sentences and remand for resentencing.

**VACATED AND REMANDED.**